UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:26-CR-059-REW

UNITED STATES OF AMERICA PLAINTIFF

V. **PLEA AGREEMENT**

CATHY L. MCKINNEY DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two, Three, Four, and Five. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

   (a) Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

   (b) The Defendant knew of the conspiracy and its objects, aims, and goals;

(c) The Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

(d) That the amount of controlled substances attributable to the Defendant as a result of Defendant's own conduct and the conduct of other co-conspirators reasonably foreseeable to the Defendant was at least 50 grams of mixture or substance containing a detectable amount of methamphetamine.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant developed a relationship with a methamphetamine supplier that allowed her to regularly obtain methamphetamine from him for the purpose of reselling it. The supplier knew that the Defendant intended to sell the methamphetamine. Working together with this supplier, between August of 2025 and March 8, 2026, the Defendant obtained and distributed more than 50 grams of methamphetamine.

(b) Law enforcement made controlled purchases from the Defendant in Pike County on or about the following dates and in the following amounts: March 3, 2026 (13.670 grams of methamphetamine mixture); March 5, 2026 (13.90 grams of methamphetamine mixture); and March 7, 2025 (15.53 grams of actual methamphetamine). On or about March 8, 2026, law enforcement conducted a search of the Defendant's residence and located 23.88 grams of actual methamphetamine, which the Defendant intended to sell. The Defendant had obtained this methamphetamine, as well as the methamphetamine that she sold during the controlled purchases, from her regular supplier.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by

the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 1,000 kilograms and 3,000 kilograms of a converted drug weight (actual methamphetamine and methamphetamine mixture), which corresponds to a base offense level of 30.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §§ 3B1.2 or 2D1.1(e)(2).

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JASON D. PARMAN
FIRST ASSISTANT U.S. ATTORNEY

Date: 8/21/26 By: ______________________
Andrew H. Trimble
Assistant United States Attorney

Date: ______________ ______________________
Cathy L. McKinney
Defendant

Date: 8-17-26 ______________________
Larry Brandon West
Attorney for Defendant