UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:26-cr-59-2-REW |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CATHY L. MCKINNEY, | ) | |
| | | |
| Defendant. | | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 41 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant McKinney's guilty plea and adjudge her guilty of Count 1 and the forfeiture allegation of the Indictment (DE 1). *See* DE 42 (Recommendation); *see also* DE 40 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 42 at 3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in [her] objections to the magistrate[ judge]'s report and recommendation . . . [s]he has forfeited [her] right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any

objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 42, **ACCEPTS** McKinney's guilty plea, and **ADJUDGES** her guilty of Count 1 and the forfeiture allegation of the Indictment (DE 1);
2. Further, per Judge Ingram's unopposed recommendation and Defendant's agreement (DE 40 ¶ 10), the Court provisionally **FINDS** that the property identified in the Indictment (DE 1 at 3–4) is forfeitable and that McKinney has an interest in said property, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* (b)(4)(B); and
3. The Court will issue a separate sentencing order.[1]

This the 3rd day of September, 2026.

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**

[1] At the hearing, Judge Ingram remanded McKinney to custody. *See* DE 41. This was her status following arraignment. *See* DE 14. Absent intervening orders, Defendant shall remain in custody pending sentencing.